AO 472  (Rev. 09/08)  Detention Order Pending Trial

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No.   4:16CR129 CEJ |
| JONATHAN E. POHLMANN | ) |
| *Defendant* | ) |

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted of ☐ a federal offense     ☐ a state or local offense that would have been a federal offense if federal jurisdiction had existed  -  that is

☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4) or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

☐ an offense for which the maximum sentence is death or life imprisonment.

☐ an offense for which a maximum prison term of ten years or more is prescribed in _____.*

☐ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

☐ any felony that is not a crime of violence but involves:

☐ a minor victim

☐ the possession or use of a firearm or destructive device or any other dangerous weapon

☐ a failure to register under 18 U.S.C. § 2250

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐ (3) A period of less than five years has elapsed since the   ☐ date of conviction   ☐ the defendant's release from prison for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition  will reasonably assure the safety of another person or the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

☐ for which a maximum prison term of ten years or more is prescribed in _____.

☐ under 18 U.S.C. § 924(c).

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

AO 472  (Rev. 09/08)  Detention Order Pending Trial

# UNITED STATES DISTRICT COURT
for the

Eastern District of Missouri

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

### Alternative Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

The undersigned adopts and incorporates the Pretrial Services report (PTR) in this matter submitted to the Court on March 22, 2016.

### Part II— Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing establishes by  ☒  clear and convincing evidence  ☐  a preponderance of the evidence that

no condition or combination of conditions will reasonably assure the safety of another person or the community, and by a preponderance of the evidence that defendant is a flight risk to the extent that no condition or combination of conditions will reasonably assure his appearance.  Defendant pleaded guilty to an Information on March 21, 2016 involving a charge of a conspiracy against rights.  The government moved for detention and the undersigned held a hearing on that motion on March 23, 2016.  At the hearing, defendant and his counsel appeared as did the government.  Defendant argued for a bond and stated that he would comply with any conditions that the court would impose.  Defendant also argued that he was not a flight risk nor has he been a danger to anyone since 2013, when the events of this case took place.  Defendant has displayed good behavior for two years.  He's been cooperative and he has not missed court.  The government argued that the court should consider that this case involves multiple victims, including a minor and a mentally-disabled female.  The charge also involves the coercion of these victims to have sexual contact with him and another defendant charged in a separate case.  (Continued on Attached - Page 3).

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  The defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date:  4/27/2016                                                     /s/ Noelle C. Collins
                                                                                    *Judge's Signature*

                                                                           Noelle C. Collins, U.S. Magistrate Judge
                                                                                    *Name and Title*

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**U.S.A. v. Jonathan E. Pohlmann**                                                    **Page 3 of 3**
**4:16CR129 CEJ**

The government argued that defendant is facing a sentence of up to 10 years for this case. Victims reside in the general area of his residence, which is the location where many aspects of the conspiracy were carried out by him.

The Pretrial Report also notes that defendant lacks verifiable employment.

Based on the above, the undersigned concludes that defendant is a flight risk and no condition would reasonably assure his appearance.  Defendant likely faces a substantial sentence if convicted here, which further gives him reason to flee.  Even though he did not flee during the two-year interval between arrest and guilty plea to the Information, defendant is now aware of the potential penalty that he faces.  Thus, the risk of flight is temporally connected to the recent guilty plea as opposed to the more remote arrest.  In addition, defendant's willingness to be subject to electronic monitoring or other conditions does not overcome the potential for danger that he poses.  Many of the events of this offense were committed at defendant's residence.  Again, his willingness to be supervised by the court does not overcome the serious risk of danger he presents.  Therefore, defendant should be detained.